COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 JERRY GEORGE BERKOWITZ,
  
                             Appellant,
  
 v.
  
  
 BANK OF AMERICA, N.A., ACCURATE
 COMMUNICATIONS, INC., and GVA CAWLEY
  
                            
 Appellees.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00137-CV
  
 Appeal from the
  
 342nd
 District Court
  
 of Tarrant
 County, Texas 
  
 (TC# 342-249828-10)
 
  
 
 


 

MEMORANDUM
 OPINION

This appeal is
before the Court on its own motion to determine whether the appeal should be
dismissed.  Although Appellant has timely
filed a notice of appeal, he has failed to tender the required filing fee and
file the clerk’s record.  We therefore
dismiss the appeal.

            Unless
excused by statute or rule, an appellant must pay the required filing fees when
filing a notice of appeal.  See Tex.R.App.P.
5 (requiring parties to pay the filing fees at the time an item is presented
for filing); see also Tex.R.App.P. 20.1(c)(requiring that an
affidavit of indigence be filed before or with the notice of appeal).  Likewise, unless excused, an appellant must
also pay the trial court clerk for preparing the clerk’s record to ensure the
record is filed.  See Tex.R.App.P. 35.3(a)(2)(requiring
trial court clerk to prepare and file record if party has paid or made
arrangements to pay).  If an appellant fails
to pay the filing fee and to pay, or make arrangements to pay, the trial court
clerk to prepare the record, an appeals court may dismiss the appeal on its own
initiative.  See Tex.R.App.P.
37.3(b)(permitting appeals court, on its own initiative, to dismiss appeal for
want of prosecution if appellant fails to pay or make arrangements to pay the
trial court clerk to prepare the record); Tex.R.App.P.
42.3(b), (c)(permitting appeals court, on its own initiative, to dismiss appeal
if appellant fails to prosecute the appeal or to comply with the requirements
of the appellate rules or with a notice from the clerk of the appeals court
requiring some action).

On March 30, 2012,
Appellant filed his notice of appeal, but did not tender the required $175
filing fee or submit an affidavit of indigence. 
By letter dated April 4, 2012, the Clerk of the Second Court of Appeals
informed Appellant that a docketing statement was to be filed and the filing
fee was to be remitted by April 16, 2012 and that failure to tender the filing
fee could result in dismissal of the appeal. 
However, Appellant did not respond to this letter.  By letter dated April 25, 2012, the Clerk of
the Second Court of Appeals informed the parties that the appeal had been
transferred by the Texas Supreme Court to this Court.  By letter dated April 27, 2012, the Clerk of
this Court again informed Appellant that the requisite filing fee had not been
paid, instructed him to pay within 20 days, and advised him that failure to do
so could result in dismissal of the appeal. 
Appellant did not respond to this letter.  By letter dated May 9, 2012, the Clerk of
this Court informed Appellant that the trial court clerk had notified her that
Appellant had not paid, or made arrangements to pay, the trial court to prepare
the record, which had been due on May 5, 2012. 
In the same letter, the Clerk of this Court gave Appellant notice of its
intent to dismiss the appeal for want of prosecution unless, within 10 days, he
could show cause for continuing the appeal. 
Appellant did not respond to this letter.

As established
above, this Court has the authority to dismiss an appeal if an appellant fails
to prosecute the appeal or to comply with the appellate rules or with a notice
from the clerk requiring a response or other action within a specified
time.  See Tex.R.App.P.
37.3(b), 42.3(c).  Although twice
instructed to tender the filing fee and twice warned that failure to do so
could result in dismissal of the appeal, Appellant has failed to tender the
filing fee and to respond to the Clerk’s letters.  Moreover, Appellant has failed to pay or make
arrangements to pay the trial court clerk to prepare the record and none has
been filed.  Accordingly, we dismiss the
appeal with prejudice.

 

 

July
5, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.